Jeffrey M. Galen, Esq. [SBN 134705]
Glenn D. Davis, Esq. [SBN 150744]
GALEN & DAVIS, LLP
16255 Ventura Blvd., Suite 900
Encino, CA 91436
(818) 986-5685 (telephone)
(818) 986-1859 (facsimile)

E-filing

ATTORNEYS FOR PLAINTIFF
SYNNEX CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNNEX CORPORATION, a Delaware Corporation,<br><br>         Plaintiff,<br><br>    vs.<br><br>DIGITAL PELE, INC., a New York Corporation; and DOES 1 to 50, inclusive,<br><br>         Dependants. | Case No. C 05 01549 MJJ<br><br>**STIPULATION RE: PROTECTIVE ORDER** |

   WHEREAS, Plaintiff Synnex Corporation served a Subpoena to provide Deposition Testimony and Demand for Production of Documents requesting that certain documents be produced by IBM Corporation ("IBM").

   WHEREAS, Defendant Digital Pele, Inc. served a Subpoena for Demand for Production of Documents requesting that certain documents be produced by IBM.

1

WHEREAS, IBM Corporation has served a Objection to Plaintiff's Notice of Deposition of Person Most Knowledgeable for IBM Corporation and Demand for Production of Document on the grounds that the documents sought relate to confidential material.

WHEREAS, IBM Corporation has served a Objection to Defendant's Demand for Production of Document on the grounds that the documents sought relate to confidential material.

WHEREAS, the testimony provided in deposition and the documents and information to be produced in response to the Demand for Production of Documents would require disclosure of certain testimony or documents containing confidential, financial and/or commercially sensitive information constituting the trade secrets or other proprietary business information of IBM;

WHEREAS, IBM has agreed to provide testimony and produce certain requested documents and information, provided that the confidential, financial, and commercially sensitive information contained therein is protected by an appropriate stipulation and/or order restricting disclosure of the information contained in said documents;

WHEREAS, the public has no legitimate interest in the information sought to be protected and secrecy is in the public interest because of the need for IBM to be able to conduct its business and maintain its confidential, financial, and commercially sensitive information free from public disclosure, except to the extent essential to the prosecution and defense of the claims in this litigation;

WHEREAS, for the reasons set forth above, IBM has a cognizable interest in the material which is the subject of the testimony and Demand in that the material may

2

constitutes financial or other proprietary business information;

WHEREAS, disclosure of the confidential, financial information, proprietary business or other commercially sensitive information, except to the extent essential to the prosecution and defense of the claims in this litigation, would subject IBM to serious harm in that it could enable its competitors to obtain a competitive advantage;

WHEREAS, Synnex Corporation, Digital Pele, Inc. and IBM have agree to enter into a Confidentiality Agreement and Protective Order on the terms hereof;

IT IS HEREBY STIPULATED AND AGREED as follows:

1.  As used herein, "Confidential Material" means information that: (1) is produced or disclosed by IBM in this litigation or pursuant to a properly propounded discovery request; (2) is considered by IBM to constitute or contain private, sensitive or confidential financial, trade secret, or proprietary business information of IBM; (3) when furnished by IBM is so designated by IBM by stamping the first page of each such document as "Confidential"; and (4) the information sought to be protected is properly subject to protection under FRCP Rule 26( c ) and that counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

2.  IBM and their attorneys shall make a good faith effort to denominate as Confidential Material only such documents and information as reasonably require confidential treatment.

3.  Any Confidential Material, and any information derived therefrom, shall not be given, shown, disclosed or made available in any way to any person other than:

   (a) counsel of record for the parties to this Stipulation;

3

(b)     counsel of record in this action who are not parties to this Stipulation, provided each such counsel executes a Declaration of Compliance. in the form attached hereto as Exhibit A;

( c )   para-professionals, secretaries and other non-attorney personnel who are employed by the parties' counsel of record, but only to the extent that disclosure to such persons is necessary in order for them to assist attorneys involved in the preparation of this case;

(d)     The parties, such officers and employees of the parties, including in-house counsel, as counsel of record deem necessary to assist them in this case;

(e)     Experts retained or consulted by the parties' counsel of record for purposes of this action, provided such person executes a Declaration of Compliance in the form attached hereto as Exhibit A;

(g)     Court reporters and persons preparing transcripts of depositions; and,

(h)     The Court in accordance with paragraph 5 below.

4.      Confidential Material and any information derived therefrom shall not be used for any purpose other than the prosecution or defense of claims in this action.

5.      No Confidential Material, or any information derived therefrom, shall be filed with, submitted to or otherwise disclosed to the Court in this action or in any appeal herein, except as provided in this Protective Order. If any Confidential Material, or any information derived therefrom, is submitted to or otherwise disclosed to the Court, it shall be separately filed under seal with the Clerk of the Court in an envelope marked "Confidential Pursuant to Protective Order," and shall be labeled to identify the title of

4

the case, the case number, and the title of the document and shall be held by the Clerk in such a manner as to prevent any disclosure thereof and shall be disclosed by the Clerk only to the Court or pursuant to the Court order. Any papers or transcripts filed with or submitted to the Court containing Confidential Material, or any information derived therefrom, shall not be served upon or disclosed to any person except those persons to whom disclosure is permitted under paragraph 3 of this Protective Order.

6. With respect to depositions, if a party (denominated as the "disclosing party" in this paragraph) intends to disclose any Confidential Material to any person other than those specified in paragraph 3, the following procedure shall apply:

> Whenever Confidential Material is disclosed in a deposition, the party making such disclosure shall inform the witness, on the record, that the use of such Confidential Material is subject to the terms of this Protective Order and the deposing Party shall tender a copy of this Protective Order to the witness. If any person present at the deposition, other than the witness, does not come within the categories of persons defined in paragraph 3, that person shall leave while Confidential Material is used during the deposition.

7. Within sixty (60) days of the termination of this litigation, including any appeals herein, all Confidential Material and any material which contain, disclose or reflect Confidential Material shall be:

    (a) returned to IBM;

    (b) destroyed by the party in possession thereof, and such destruction shall be certified to IBM; or;

        ( c )      Preserved consistent with the terms of this Protective Order.

8.    This Protective Order shall survive the conclusion of this litigation, including any appeals herein, and the restrictions on communication and disclosure of Confidential Material set forth herein shall continue to be binding upon the parties to this action and all other persons to whom Confidential Material has been communicated or disclosed.

9.    The designation of Confidential Material as "CONFIDENTIAL" pursuant to this Protective Order shall not be construed as a concession by the designating party that such information is relevant, material or admissible as to any issue. Nothing in this Protective Order shall be construed as waiving any objection to the production of evidence or to any discovery request, nor shall this Protective Order be construed to require the production of any particular testimony, documents, evidence or other information.,

10.    Nothing in this Order shall preclude a party from using "Confidential" information at trial, or from seeking leave of Court to modify this Order.

11.    The parties agree that an appropriate Order may be entered hereon but hereby confirm that they agree to be bound by this Stipulation regardless of whether or not the Court enters an order based upon this Stipulation.

12.    A party may challenge the other party's designation of information or material produced herein as "Confidential" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation

within five (5) days after the challenging party has received the notice of the bases for the asserted designation.

To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) days after conferring with the producing party, or if no conferring takes place during the five day meet and confer period (such as a failure by the producing party to respond to the challenging party's request to meet and confer) then, in such case, within fifteen (15) days of the expiration of the five day meet and confer period the application may be made, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided.

In any such proceeding, the producing party shall bear burden of demonstrating that the disputed confidential designation(s) is/are legally warranted.  Failure to make an application within this period shall constitute a waiver of the objection.  Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential".

7

Case 3:05-cv-01549-MJJ   Document 22   Filed 11/16/05   Page 8 of 9
NOV-14-2005 14:01  FELDMAN                                              P.02
Case 3:05-cv-01549-MJJ   Document 20   Filed 11/14/2005   Page 8 of 9

13.  The Court's jurisdiction to enforce the terms of this order shall be six months after the final termination of this action.

Dated: November 11, 2005                SYNNEX CORPORATION

                                        By: Jeffrey M. Galen, Esq.
                                        Attorney for Plaintiff

Dated: November 11, 2005                DIGITAL PELE, INC.

                                        By: Stephen M. Feldman, Esq.
                                        Attorney for Defendant

IT IS SO ORDERED

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE
NOV 1 6 2005

DATE

8

## EXHIBIT A

## DECLARATION OF COMPLIANCE WITH AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ declare as follows:

1. I understand that information deemed confidential and proprietary is going to be provided to me pursuant to the terms and restrictions of a Protective Order, dated November ___, 2005, in the action entitled Synnex Corporation v. Digital Pele, Inc., U. S. District Court, Northern District of California; C 05 01549 (The "Action").

2. I have received and read a copy of the Protective Order, and I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the information discussed to me in connection with the Action except in accordance with the terms of the Protective Order. I consent to personal jurisdiction over me by the Court for purposes of enforcing the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _____ day of _____, 2005, at

_____.

SIGNATURE_____

NAME_____

9